The next case today is Jonathan Martins v. Vermont Mutual Insurance Co. Appeal Number 191878. Attorney Forrest. Good morning, Your Honors, and may it please the Court. My name is Michael Forrest, and I represent the appellant, Jonathan Martins, in this matter. As an initial matter, I would like to ask for two minutes of rebuttal time, if that is okay with the Court. Aye, thank you. Thank you. Your Honors, this case is about whether or not Massachusetts tort law and the remedies afforded under the common law allow for the recovery of post-repair inherent diminution in value. In other words, or alternatively, Mr. Martins is simply seeking to be made whole for the unpaid damages that still exist with respect to his automobile. To be clear, this is not a duplicative damage. What Mr. Martins has suggested is that post-repair, after the vehicle has been repaired to operational status, there still remains a portion of damages, this would be post-repair inherent diminution in value damages, that remain. In other words, Mr. Martins, prior to the actions of the tortfeasor, had an asset with a certain value. After the collision and post-repair, that asset still had a remaining diminution or depreciated value. Counsel, can I ask you a procedural question which puzzles me at the outset? It's raised in the amicus brief. My understanding is that this case really began as a breach of contract action in the state court. What puzzles me is, your client is not in a contractual relationship with Vermont Mutual. Your client has a third-party claim. I know the district court did not rule on this basis, but it is raised by the amicus, and again, that does puzzle me. How is it that you are in a position to bring a breach of contract claim against a party with whom your client is not in a contractual relationship at all? Isn't that an important issue that we have to sort out in trying to decide this case? Of course, your honor. As an initial matter, just to clarify the record, the first count of Mr. Martins' amended complaint seeks a claim under the breach of contract theory. The remaining counts seek relief under 93A, Massachusetts 176D, and an order of declaratory judgment. With respect to the contract claim, Massachusetts common law holds that an intended beneficiary is able to bring a third-party breach of contract claim when benefits promised to be provided to the intended third beneficiary are not presented. That case would be the Flattery case in Massachusetts, where the SJC decided that a third party could bring a breach of contract claim. I do recognize, as the court also points out, that the court did not reach this issue in its decision. Instead, it made a determination that the remedy for tortious action in Massachusetts broadly does not allow for the recovery of inherent diminution post-repair damages as well as the cost of repairs. So you don't need to bring a breach of apply action in Massachusetts? You just bring an action as a third-party beneficiary under an insurance contract with the tortfeasor? Your Honor, that is the appellant's position. Five minutes remaining. Whether or not the trial court would have reached that same conclusion is still an open question. However, for the purposes of pleading, Mr. Martins does suggest, and he believes that the common law supports the fact, that he is allowed to bring a breach of contract claim against this third-party insurer for failing to provide the benefits that are supposed to be provided under Part 4 of the standard auto policy. I know you're seeking class certification, but wouldn't it have been a cleaner route to sue the tortfeasor to recover a judgment that you're seeking here? Your Honor, as well as with the common law for breach of contract, Massachusetts common law has established that a third-party intended beneficiary of an insurance contract is entitled to bring claims for violations of Massachusetts 176D, even if they do not have privity of contract with the insurer. In other words, to bring the claim against the responsible party's insurer, and under a contract which Part 4, for example, provides that all amounts that would be obtainable through tort and settlement or judgment, Mr. Martins is permitted to bring that claim directly against the insurer. Particularly where in this instance, Mr. Martins did make a subsequent demand, N93A demand, directly to the insurer for the payment of these damages. Is that the flattery case as well? No, Your Honor. I apologize, I can provide the court later with the case law. I do believe that there are several cases from the SJC that stand for that direct proposition, though. That a beneficiary of an insurance policy is permitted to bring an action under 176D, thus N93A Section 2, for a violation of failing to provide the benefits listed in an insurance policy. With respect to the court's decision on damages themselves, the court has reached the conclusion that there should be, and there is no distinction between the remedies afforded for real property versus the remedies provided for damage to property or chattels. In this case, they refer to, or the appellees refer to, several real property cases. These real property cases which the court took its time to latch onto in deciding that this remedy was unrecoverable. Now, so the guaranteed trust case, the court says it's both a real and personal property case. It is not just a real property case. So why isn't the principle articulated there also applicable to personal property? The court specifically says that it is. Thank you, Your Honor. With respect to the Clean Harbors case, in fact, the court was tasked with looking at... The guaranteed trust case, I think... Oh, I apologize. With respect to guaranteed... Yeah, go ahead. With respect to guaranteed trust, both the guaranteed trust and Clean Harbors cases were cases that were brought under Massachusetts Chapter 21E, which is a remedial statute for contaminated real property. And when the court in guaranteed first trust was tasked with determining what type of damages would be permittable under 21E, it looked to the language of the actual statute. 21E is a remediation statute that sets out penalties and procedures for cleaning up real property that's contaminated by hazardous waste. In that statute, there are several sections which refer to items that can be damaged by such contamination as personal or real property. It is not that the case law was... Or it's not that the judges in that case made a determination that this broadly extends to all common law. Again, they were tasked with the language of 21E and what type of damage would be appropriate. In fact, when looking at this issue of how we determine damages, the Trinity Church case, which was the first case in this long line of cases for property damage, in fact looked to the restatement of torts and analyzed Section 929 of the restatement of torts into determining that for real property, a claimant would be entitled to either the cost of repair or diminution in value, particularly because there's no ready market. Could I ask you a practical question? The central issue in this case is an issue of Massachusetts law, Massachusetts common law. It's a common law which is supposed to dovetail with the insurance regulatory law because you want the insurance policies to fit what the common law recovers. And it requires us to pay some attention to 176D and the like. You understandably filed it in state court. As I understand, it was then removed. Why wouldn't we want to certify the basic Massachusetts law question to the SJC and hear straight from the SJC whether it wants to follow the restatement or not? Your Honor, to that point, during oral argument on summary judgment, the trial court did indicate that it also believed that certification of this question may be appropriate. And at least from the appellant's attorneys, the agreement was made that it would and may be appropriate for such certification. In fact, after the decision was rendered in this case and we realized that the scope of the decision extended further into the realm of tort remedies than just those available under Part 4 of the automobile policy, we filed a motion with this court seeking it to certify the question to the SJC. Is your position still that you would favor certification? Your Honor, as this issue would be an issue that could continue to reoccur in the Commonwealth, I do believe that binding precedent or a decision from the SJC would be appropriate, yes. Thank you, Counselor. Thank you, Your Honors. Would Attorney Batson please proceed? May it please the Court, good morning, Your Honors. My name is Michael Batson and I represent Vermont Mutual Insurance Company. With me on brief was Michael Kenton. I'd like to jump right into the last question that was asked about certification because I think it allows me to talk a bit about the guaranteed trust case and the other cases that speak to the common law in the Commonwealth of Massachusetts. The simple question about certification is that it should not be certified because the question has been answered clearly time and time again by the SJC. The guaranteed trust case is a 27-year-old case that although it was certified to the SJC to ask questions about Chapter 21E, it required the SJC to do a full analysis of what the common law was in the Commonwealth. That required the SJC to look into what are the damages that are available in real and personal property because 21E addresses both real and personal property. In doing so, the court laid out the fundamental principle that the general rule in Massachusetts is that you can recover where you have damage to real or personal property. You can recover the change in value of the property from immediately before the accident to immediately after the accident. But where the property can be fully restored to its pre-accident condition, you can only get the lesser of the cost of repair. As you articulate the legal position of your client, it seems at odds with the behavior of your client in the sense that when it was first greeted with this demand by Mr. Martens to be compensated for the diminished value, the position of your client was not that you're not legally entitled to that. Instead, your client engaged in a negotiation process, a settlement process, if you will, which ultimately did not lead to a settlement. But it's striking to me that that is how your client responded. Again, you're not entitled to this. The response of your client was, let's talk. How do you reconcile the behavior of your client with this categorical legal position that you now take that there is no legal entitlement to this diminished value? There are two answers to that, Your Honor. The first one is that it doesn't really matter what Vermont Mutual thinks about the state of the law. I would love it if my clients could say things are or are not covered, are or are not recoverable, and that would be the standard. But it simply doesn't matter for purposes of determining the law. Having said that, Vermont Mutual, and I believe this is in the record, Vermont Mutual receives very few claims for diminished value. I believe the testimony was that in any given year, it's maybe a handful. The simple fact of the matter is that it's easier to try and resolve the claims without getting into disputes with parties than it is to get into a protracted legal fight. Do you disagree that 15 other jurisdictions allow for this diminution in value recovery? I don't know if it's 15, Your Honor, but I do agree there are other jurisdictions that have determined that this is recoverable in their jurisdictions. Having said that, the common law in those jurisdictions or the adoption of provisions of the restatement that's occurred in those jurisdictions is what's caused them to do that. In our jurisdiction, we have Textron. In our jurisdiction, we have Belkis. In our jurisdiction, we have Clean Harbors. We have Automated Donuts. We have Bissen. We have Medford Housing. We have Ramirez. We have a litany of cases where not only have the SJC and the appeals court addressed it, but they've addressed it squarely the same way. This has been the law of Massachusetts since at the very latest, 1933. Plaintiff says those holdings should be limited to real property, not personal property like an automobile. Before you respond to that, is there reason to believe that given what appears to be evolving thinking on damaged automobiles, that this would not be something that the SJC might want to reconsider? I would say no. I don't think that it's reasonable to think that the SJC would want to reconsider this or that we should even request that they do so. The reason for that is that when the SJC came out with its decision in 1993 in the Guarantee Trust Matter, things like CARFAX, the things that are cited in the appellant's brief, those existed. This concept of there being an alleged stigma. They weren't as widespread then as they are now. Everyone didn't even have computers then, whereas everyone is walking around with a computer in their pocket now. Absolutely. The concept of what the value of a piece of property is after it's been damaged but then repairs is one that's been around for a long time. For example, the appellant's cite to the Giles decision from 1840 where the courts talked about the changed values of a ship that had not been fully repaired. This concept, I believe actually there is a case from New York that's cited in one of the briefs that talks about a horse-drawn buggy and whether or not its value was less after it had been repaired. This concept of property being potentially worth less after it's been damaged is one that's been around for more than a century. There's a big difference though. As Judge Thompson was pointing out, back when Guarantee First Trust was decided and the like, there was no CARFAX and the like. Now, a vehicle's reputation and history travel with it and is objectively determinable by purchasers, doesn't that raise the possibility that it has not been restored to its original condition because it did not have that impairment on its value? The answer to that is no, Your Honor. This is not in the record, but CARFAX has been around since 1984. That predates the Guarantee Trust matter by nine years. There have been book value services. The reason they call them book value is because they used to be these big books as opposed to being available online that have been used to value vehicles for decades, if not longer than that. More importantly, when you look at Clean Harbors, which cites the Textron, and yes, it is a real property only case, but I'd suggest that in discussing the Textron decision, it's applicable here as well. That case talks about it being not as a protection to the value of the vehicle. Rather, it is about the condition of the vehicle. Massachusetts common law has always been concerned not with economic loss associated with changing values of cars. It has been concerned with the tangible injury to the actual property. When you look at Textron, when you look at Clean Harbors, when you look at automobiles... I still don't understand why that's not a tangible injury to the property itself because once it is repaired, it still has a diminished value. There's a loss there that's not covered. First and foremost, not all vehicles that get in accidents suffer from this alleged loss in value. There's case law that talks about that. The testimony in the case establishes that. If that's true, then that means that that person hasn't sustained a loss, but clearly others do. For instance, if a Mercedes is hit and repaired, it may not sustain a loss in value, but someone's Dodge would be just the opposite. Again, this is something that is squarely addressed by the wording of the Guarantee Trust decision when it talks about fixing the injury. It's easy to get into this discussion about whether or not injury means injury to the actual property or whether it means injury to value. That's when you get into decisions like Clean Harbors where they make clear that it's about the condition of the property and not the value that is attached to the property. Counsel, I think you would agree that the Massachusetts courts do frequently draw on the restatement in formulating their principles of tort law. Would you agree that Massachusetts law, as you describe it on this issue of diminished value, is contrary to the restatement? Would you agree with that? I don't, Your Honor. First, let me say I do agree with you that Massachusetts courts oftentimes do draw on the restatement. They have not wholesale adopted it, and they haven't adopted it here. I believe that you can read the Textron decision, if you had to, as being Massachusetts' interpretation of that particular issue and that it is consistent with the idea of what the restatement says about what you can recover. Let's go back to chronology because wasn't Textron 1993? Yes, Your Honor. The restatement of 3rd came out a decade later. Yes, Your Honor. Let's assume your reading of Textron guarantee trust is correct, but then a decade later, the restatement 3rd, which is certainly a publication of some seriousness that is paid attention to by courts, comes out. The question before us is, is it predictable that the Massachusetts SJC would adjust its law based on the restatement of 3rd, based on the points Judge Thompson made? Wouldn't that question be one that everyone would be better off to have the SJC answer rather than us? Because the SJC could also decide, is it prospective only, retroactive? The SJC would be aware that it needs to dovetail with insurance law, so it could take that into consideration. It seems there's a lot of public policy issues that the SJC would be better suited for and might actually redound more to your client's benefit if you were to lose the case but then it was decided it was only prospective. Setting aside what would be more beneficial, I don't think that that's adequate grounds to take what is already the established law of the Commonwealth that has been for nearly 90 years and say, would they now on a different version of the restatement that, at least as it relates to this particular issue, has never been adopted before? It's not as if it was adopted previously, Textron was decided, and then we now have a new version and we want to see whether or not they would adopt that too. It's never been adopted, but this has been the standard in Massachusetts for at least 87 years, if not almost 160 years. At the time of Textron, wasn't Massachusetts' law and the restatement of torts pretty much eye-to-eye on damages? Your Honor, I don't know the answer to that question as far as what the restatement specifically said in 1993. Counsel, isn't it true, even Judge Saylor acknowledged in his very thoughtful decision that to some extent he was putting together the pieces of case law, regulations, and perhaps not the restatement, but there was no case directly on point. He was trying to make a judgment based upon the available case law as to what the answer should be here, but there was no case directly on point. Isn't that true? I think that is true if you look at it in the context of whether or not there was a case applying Textron specifically to automobiles, and really I should say the second part of Textron. We have the Ramirez decision, which is talking about automobiles that applies the general principle that's set forth in Textron, and that general principle being the pre-accident value versus the post-accident. It never had to get to the second part about the lesser of the two because that was a total loss, but you do have a decision in 2017 where a court looked at the application of the Textron principles to automobiles. Having said that, there is no decision in Massachusetts that says that two-pronged test where you look first at the general principle and then the lesser of the two numbers where that's been applied to autos. Having said that, I do believe that you could argue that the law is clear. It has been for decades, and in that respect, Judge Saylor was applying well-established principles of law. I hear what you're saying. At BASIS, we shouldn't certify because it's very clear what the SJC would decide, so it's a waste of time to certify. That's one part of it. I would also say it's already been decided. But then I'm wondering how did that inform your decision to remove this case from state court where the law was so clear and bring it to us? There are a lot of reasons why parties would remove cases to federal court, why an outside insurance company would want to be with a federal district court as opposed to a state court where it's from Vermont versus a Massachusetts resident. I'm not sure I can really get into the decision beyond that, but there are lots of reasons why parties would prefer to be in front of the federal bench as opposed to the state bench, which is not to say that there's anything wrong with the state bench. There's lots of great judges. They do great work, but there are lots of different reasons that have nothing to do with what the applicable law is. I would flip that around and say the appellant has now gotten a bad result, requested that it be certified. I'd ask the question, why have they been all too happy to be in the federal court if at the end of the day, they don't think the federal court has the ability to make a decision on this? They don't have a choice if it's properly removed. They filed in state court, didn't they? That's right. They did, but they never made any attempt. If you go back and you look at the jurisdiction… If removal was proper, there's not much they can say. If there's diversity in numbers, there's not much they can do because you have a right to remove. I understand. Let me say this. I'm sitting with two colleagues. We've had experience certifying, and I think I can say that what the state courts have come up with have quite often been a little bit different from the way we talk about it. Just to let you know what our experience has been, our historical experience has been. Some of what we've heard has been quite surprising. Contrary to our original thinking, we just call one another up. Yes, I understand that, Your Honor. Again, I would suggest that this issue as it relates to real versus personal property and an auto is personal property has already been certified to the SJC. It was certified in the 90s, and that's what gave us Textron. The U.S. District Court, that is a certification question. That was one where they were asking about it, and the SJC did this analysis. Thank you. Thank you, Your Honors. Thank you, Attorney Batson. Attorney Forrest has two minutes of rebuttal. Thank you, Your Honors. As an initial matter, Justice Thompson, just to answer a question from earlier, the case law in Massachusetts with respect to a third party's standing to bring a claim against and ensure is Clegg v. Butler. That is an SJC decision from 1997. Your Honor, apparently the biggest disagreements is whether or not the law here is settled. As the brief does indicate, we continue to take the position that the real property cases cited by my brother deal with exactly that, real property. More precisely, the two primary cases relied upon deal with the court's task of understanding recoverable damages under that remediation statute 21E. However, in fact, in the Clean Harbors case, the court does conclude that there may be instances, even with respect to real property, where both repair or remediation costs and decreased property value may be recoverable. Again, it being a factual determination for the purposes of real property. Could you help me with one thing? Could you help me with how we think about this? As I understand it, Massachusetts requires auto insurers to use a particular form of insurance policy. It seems clear from the record, unless I missed something, that the Massachusetts insurance regulators interpret the tort law just the way that the appellee does in this case and assess premiums accordingly. In other words, assuming that there is no coverage for diminished value. If we were to now hold that there is coverage under tort law for diminished value, that would mean all the insurance policies and premiums have been set on a contrary understanding. It would seem that we would lose the dovetailing that Massachusetts presently seems to think it has. How should we think about that, if at all? Of course. Thank you, Justice Carida. I think that first I would suggest that while this case arose initially and still remains as a case for a declaration of the responsibilities under that standard policy, and I don't disagree that the court has held that we don't look to extra-jurisdictional sources for that policy, that what we're really talking about here is the common law availability of remedies for tortious conduct. This is not a novel idea. I believe at current count, 25 of the states recognize this form of damage for third-property damage claims. I would also suggest that with respect to the premium issue, the ability or the need to pay a third party the damages for inherent diminution of value will be addressed by policy limits. You, as a driver, when you have a policy of insurance, you don't know if your car will hit a jalopy or if your car will hit a Mercedes. You don't know at that time. Your Honor, may I finish? Please. Counsel, I'll just ask you a quick point. This is just a follow-up to Judge Carida's question. I may not have the record right on this, but I thought there was an inquiry from an insurer as to whether they could charge a premium for a diminished value loss, and were told that they could not because that was not a compensable loss under Massachusetts law. Isn't that the current state of the law? Your Honor, I think an important distinction needs to be made with respect to that material in the appendix. First, there was a case decided with respect to first-party coverage, contractual coverage. In that case, the SJC did decide that because of the limited terms and the insurer's ability to limit coverage under Parts 7, 8, and 9, as well as the exclusions in Part 11 of the standard policy, that those rights could be limited. If you look at the response, it has nothing to do with Part 4 of the policy. It has to do with first-party coverage. I don't think that the division was incorrect in saying, based upon the given decision, when it comes to first-party coverage, there is not this damage recoverable because you can limit it by contract for inherent post-repair diminution in value. Conversely, the decision or that opinion by an employee, it was not an official declaration of the Division of Insurance. However, that employee was not making reference to third-party inherent post-repair diminution in value claims. Does that exchange confirm the point that Judge Kayotta is making about the close relationship between how we articulate what the law is with respect to what are recoverable damages, as we understand under Massachusetts law, and the ability of insurers to factor that scope of recovery into the premiums that they charge? It seems to emphasize the point that we have to be very sensitive to the impact that the kind of decision that you're asking us to make would have on the insurance industry in Massachusetts. Perhaps, it emphasizes that we really should look to the Mass SJC to give guidance on this. Your Honor, with respect to that point, I think that what is clear in the law, and the Ramirez case recently reiterated this, is that a third party who is injured by a tortfeasor is entitled to be made whole. What has happened here, and what has been lost in this discussion, is that Mr. Martin still has a remaining damage through no fault of his own. With respect to the issue of whether or not premiums are affected, again, with respect to third parties, the premiums are set for first-party coverage. There are policy limits put in place with respect to third-party coverage. A policy for third-party coverage under Part 4 may have a policy limit or cap, and that would be the extent of what the insurer would necessarily have to pay under that tortfeasor's insurance policy. I would suggest that it does not affect the overall insurance rating process because that benchmark has already been put in place. So, you're now saying we don't need to certify? Your Honor, I'm still just answering the questions. I do believe that it would be appropriate and that the SJC may have a decision which is contrary to the trial court, and may look at the fact that since the Textron decision, the law has evolved to understand that there needs to be a degree of equity. The restatements reflect that because there are issues where personal property, despite repair, is still going to have less intrinsic and objective value, and therefore the person is still entitled to be made whole. Thank you, Counselor. Thank you very much, Counselor. That concludes our argument in this case.